
**ORIGINAL**

Mark D. Silverschotz (MS 8393)
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Tel. (212) 521-5400

*Attorney for Defendant*
*The Bank of New York Mellon*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STRUCTURE-TONE, INC.,
on behalf of itself and on behalf of all persons
entitled to share in the funds received by
NATIONAL SPORTS ATTRACTION, LLC,
in connection with a private improvement
project commonly known as Construction of
Infrastructure & Fit-Out for the National Sports
Museum, located at 26 Broadway, NY, New
York, and more particularly described as Block
22, Lot 13,

        Plaintiffs,

        vs.

PHILIP SCHWAB, SAMEER AHUJA,
CALEB D. KOEPPEL, SCOTT PRINCE,
MICHAEL RYAN, DOUG WEINTRAUB,
JAIME TAICHER, JOHN URBAN, THE
BANK OF NEW YORK A/K/A THE BANK
OF NEW YORK MELLON, SIGNATURE
BANK, NEW YORK LIBERTY
DEVELOPMENT CORPORATION, TRINITY
FUNDING COMPANY, LLC, THE
DEPOSITORY TRUST & CLEARING
CORPORATION, CEDE & CO., THE
REGISTERED OWNERS OF THE NEW
YORK LIBERTY DEVELOPMENT
CORPORATION REVENUE BOND SERIES
2006A BONDS (CUSIP 649518AA5), THE
REGISTERED OWNERS OF THE NEW
YORK LIBERTY DEVELOPMENT
CORPORATION REVENUE BOND SERIES
2006B BONDS (CUSIP 649518AB3), "JANE
DOE #1" through "JANE DOE #1000,"
fictitious names, parties intended being liable
for the diversion of trust funds pursuant to
Article 3-A of the Lien Law,

        Defendants.

Civil Action No. _____

**NOTICE OF REMOVAL TO THE
UNITED STATES BANKRUPTCY
COURT FOR THE SOUTHERN
DISTRICT OF NEW YORK**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1452, Defendant The Bank of New York Mellon ("BNY Mellon") hereby removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. This is a civil action over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1334(a) and (b), and the matter is thus properly removed to this Court.

The grounds for removal are more particularly stated as follows:

## THE STATE COURT ACTION

1. On June 12, 2009, Plaintiffs commenced the above-entitled action in the Supreme Court of the State of New York, County of New York, Index No. 09-108394, by the filing of a Summons and Complaint asserting claims under the Lien Law of the State of New York. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit A.

2. BNY Mellon was served with the Summons and Complaint on July 27, 2009.

3. A copy of the state court docket sheet for this action is attached hereto as Exhibit B.

## REMOVAL IS TIMELY

4. Pursuant to 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027, this Notice of Removal is timely filed, as it has been filed within thirty (30) days of receipt of a copy of the Complaint by BNY Mellon.

## SUBJECT MATTER JURISDICTION

5. This action may be properly removed to this Court because this Court has original jurisdiction pursuant to 28 U.S.C. § 1334(a) and (b).

6. Plaintiffs' allegations in this action revolve around funds, certain of which were the subject of a 2006 loan agreement between National Sports Attraction, LLC ("National Sports"), now a debtor in a pending chapter 7 bankruptcy case (as described in detail

2

below), and New York Liberty Development Corporation. Such funds, in part, were to pay for the construction of the National Sports Museum, located at 26 Broadway, New York, New York. The Complaint also concerns a certain construction management agreement that National Sports allegedly entered into with Plaintiffs (the "Construction Management Agreement"). Plaintiffs further allege that National Sports breached said Construction Management Agreement and that the Defendants in the State Court action are liable for the receipt and/or participation in the diversion of funds alleged to be trust assets. Any such claims potentially implicate the chapter 7 estate of National Sports under 11 U.S.C. § 541(a).

7. Accordingly, this lawsuit constitutes a civil proceeding arising under title 11, or arising in or related to a case under title 11. *See* 28 U.S.C. § 1334(b).

8. Moreover, under 11 U.S.C. § 157, this lawsuit constitutes a core proceeding respecting claims of parties against the estate.

## STATEMENT OF THE GROUNDS FOR REMOVAL

9. On March 13, 2009, National Sports filed a voluntary chapter 7 petition in United States Bankruptcy Court in the Southern District of New York.

10. By filing a voluntary petition, National Sports commenced its chapter 7 bankruptcy case, which is pending before the Honorable Robert D. Drain (*In re National Sports Attraction, LLC, d/b/a Sports Museum of America, d/b/a National Sports Museum*, Debtor. Chapter 7 Case No. 09-11162 (RDD)).

11. The state court action commenced by the filing of the Complaint relates to the bankruptcy case because it arises out of an alleged "breach[], abandon[ment] and repudiat[ion] [of] the Construction Management Agreement" by the debtor, National Sports, and Plaintiff

3

seeks to recover funds owed to it by the debtor National Sports on the theory that the moneys received by National Sports constituted trusts assets within the meaning of the Lien Law of the State of New York. Complaint at p. 8.

12. Therefore, this Court has jurisdiction over the instant action because the claims asserted in this Complaint are claims arising under title 11, or arising in or related to a case under title 11. *See* 28 U.S.C. § 1334(b). Further, as consequence of such jurisdiction, this lawsuit is required to be referred to the U.S. Bankruptcy Court for the Southern District of New York pursuant to that certain Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings under Title 11, dated July 19, 1984 (Ward, Acting C.J.).

## NOTICE

13. As required by Federal Rule of Bankruptcy Procedure 9027, BNY Mellon will give prompt notice of removal to Plaintiffs, through its attorney of record, Luigi D'Agostino, Assistant General Counsel of Structure-Tone, Inc. and to any other party to the removed cause of action.

14. A copy of this Notice will be timely filed with the clerk of the Supreme Court of the State of New York, New York County.

15. In filing this Notice of Removal, BNY Mellon does not waive any objections it may have to defects in process or service of process or any other defense, including but not limited to, the defense that this action is barred by laches, estoppel, waiver, unclean hands and the applicable statute of limitations.

4

WHEREFORE Defendant BNY Mellon respectfully requests that the above-entitled action be removed from the Supreme Court of the State of New York, New York County to this Court.

Dated: August 12, 2009
       New York, New York                    Respectfully submitted,

                                             REED SMITH LLP

                                             Mark D. Silverschotz (MS 8395)
                                             599 Lexington Avenue
                                             New York, NY 10022
                                             Tel. (212) 521-5400
                                             Fax (212) 521-5450

                                             *Attorney for Defendant*
                                             *The Bank of New York Mellon*

# EXHIBIT A

## STATE COURT SUMMONS & COMPLAINT

SCANNED ON 8/13/2008

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------------X   Index #:

**09108394**

DATE PURCHASED:

STRUCTURE-TONE, INC.,
on behalf of itself and on behalf of all persons
entitled to share in the funds received by
NATIONAL SPORTS ATTRACTION, LLC,

**SUMMONS**

in connection with a private improvement project
commonly known as Construction of Infrastructure & Fit-
Out for the National Sports Museum, located at 26
Broadway, NY, New York, and more particularly described
as Block 22, Lot 13,

Plaintiffs,

-against-

PHILIP SCHWALB, SAMEER AHUJA, CALEB D. KOEPPEL,
SCOTT PRINCE, MICHAEL RYAN, DOUG WEINTRAUB, JAIME
TAICHER, JOHN URBAN, THE BANK OF NEW YORK A/K/A
THE BANK OF NEW YORK MELLON, SIGNATURE BANK,
NEW YORK LIBERTY DEVELOPMENT CORPORATION,
TRINITY FUNDING COMPANY, LLC, THE DEPOSITORY
TRUST & CLEARING CORPORATION, CEDE & CO., THE
REGISTERED OWNERS OF THE NEW YORK LIBERTY
DEVELOPMENT CORPORATION REVENUE BOND SERIES
2006A BONDS (CUSIP 649518AA5), THE REGISTERED
OWNERS OF THE NEW YORK LIBERTY DEVELOPMENT
CORPORATION REVENUE BOND SERIES 2006B BONDS
(CUSIP 649518AB3), "JANE DOE #1" through "JANE DOE
#1000", fictitious names, parties intended being liable for
the diversion of trust funds pursuant to Article 3-A of the
Lien Law,

*FILED*

*JUN 1 2 2009*

*COUNTY CLERK'S OFFICE*
*NEW YORK*

Defendants.

----------------------------------------------------------------------X

**TO THE ABOVE NAMED DEFENDANT:**

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a

copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons,

exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, NY
      June 11, 2009

**STRUCTURE-TONE, INC.**

By: _____
LUIGI D'AGOSTINO
ASSISTANT GENERAL COUNSEL
STRUCTURE-TONE, INC.
770 BROADWAY
NEW YORK, NY 10003
(212) 481-6100

**TO:**    **SERVICE LIST**

**CERTIFICATION**

The undersigned certifies that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of this Summons and the information contained therein is not frivolous.

Dated: New York, NY
      June 11, 2009

_____
Luigi D'Agostino

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X    Index #:

STRUCTURE-TONE, INC.,                                                **09108394**
on behalf of itself and on behalf of all persons
entitled to share in the funds received by
NATIONAL SPORTS ATTRACTION, LLC,                                     **COMPLAINT**
 in connection with a private improvement project
commonly known as Construction of Infrastructure & Fit-
Out for the National Sports Museum, located at 26
Broadway, NY, New York, and more particularly described
as Block 22, Lot 13,

                            Plaintiffs,


                            -against-


PHILIP SCHWALB, SAMEER AHUJA, CALEB D. KOEPPEL,
SCOTT PRINCE, MICHAEL RYAN, DOUG WEINTRAUB, JAIME
TAICHER, JOHN URBAN, THE BANK OF NEW YORK A/K/A
THE BANK OF NEW YORK MELLON, SIGNATURE BANK,
NEW YORK LIBERTY DEVELOPMENT CORPORATION,
TRINITY FUNDING COMPANY, LLC, THE DEPOSITORY
TRUST & CLEARING CORPORATION, CEDE & CO., THE
REGISTERED OWNERS    OF THE NEW YORK LIBERTY
DEVELOPMENT CORPORATION REVENUE BOND SERIES
2006A BONDS (CUSIP 649518AA5), THE REGISTERED
OWNERS    OF THE NEW YORK LIBERTY DEVELOPMENT
CORPORATION REVENUE BOND SERIES 2006B BONDS
(CUSIP 649518AB3), "JANE DOE #1" through "JANE DOE
#1000", fictitious names, parties intended being liable for
the diversion of trust funds pursuant to Article 3-A of the
Lien Law,

                            Defendants.

-----------------------------------------------------------------X

*FILED*

*JUN 12 2009*

*COUNTY CLERK'S OFFICE*
*NEW YORK*


3

Plaintiff, Structure Tone, Inc., ("STI") by the Office of its General Counsel, as and for its Verified Complaint, allege as follows:

1. Plaintiff, STI, is a domestic corporation maintaining a principal place of businesses at 770 Broadway, New York, NY 10003.

2. Upon information and belief, defendant, Philip Schwalb was, at all times hereinafter mentioned, an officer, director, principal, and/or member of National Sports, and has a principal place of business located at c/o National Sports Museum Management, LLC, 80 Broad Street, 5th Floor, New York, NY 10004.

3. Upon information and belief, defendant, Sameer Ahuja was, at all times hereinafter mentioned, an officer, director, principal, and/or member of National Sports, and has a principal place of business located at c/o National Sports Museum Management, LLC, 80 Broad Street, 5th Floor, New York, NY 10004.

4. Upon information and belief, defendant, Caleb D. Koeppel was, at all times hereinafter mentioned, an officer, director, principal, and/or member of National Sports, and has a principal place of business located at c/o National Sports Museum Management, LLC, 80 Broad Street, 5th Floor, New York, NY 10004.

5. Upon information and belief, defendant, Scott Prince was, at all times hereinafter mentioned, an officer, director, principal, and/or member of National Sports, and has a principal place of business located at c/o National Sports Museum Management, LLC, 80 Broad Street, 5th Floor, New York, NY 10004.

6. Upon information and belief, defendant, Michael Ryan was, at all times hereinafter mentioned, an officer, director, principal, and/or member of National Sports, and has a principal place of business located at c/o National Sports Museum Management, LLC, 80 Broad Street, 5th Floor, New York, NY 10004.

7. Upon information and belief, defendant, Doug Weintraub was, at all times hereinafter mentioned, an officer, director, principal, and/or member of National Sports, and

4

has a principal place of business located at c/o National Sports Museum Management, LLC, 80 Broad Street, 5th Floor, New York, NY 10004.

8.    Upon information and belief, defendant, Jaime Taicher was, at all times hereinafter mentioned, an officer, director, principal, and/or member of National Sports, and has a principal place of business located at c/o National Sports Museum Management, LLC, 80 Broad Street, 5th Floor, New York, NY 10004.

9.    Upon information and belief, defendant, John Urban was, at all times hereinafter mentioned, an officer, director, principal, and/or member of National Sports, and has a principal place of business located at c/o National Sports Museum Management, LLC, 80 Broad Street, 5th Floor, New York, NY 10004.

10.    Upon information and belief, defendant, The Bank Of New York a/k/a The Bank Of New York Mellon, is a national banking association, maintaining a place of business at 101 Barclay Street, New York, NY 10286.

11.    Upon information and belief, defendant, Signature Bank is a national banking association, maintaining a place of business at 565 Fifth Avenue, 46th Floor, New York, NY 10017.

12.    Upon information and belief, defendant, New York Liberty Development Corporation is a domestic not for profit corporation, maintaining a place of business at c/o New York Job Development Authority, 633 Third Avenue, New York, NY 10017.

13.    Upon information and belief, defendant, Trinity Funding Company, LLC is a domestic limited liability company, maintaining a place of business at 666 Third Avenue, 9th Floor, New York, NY 10017.

14.    Upon information and belief, defendant, The Depository Trust & Clearing Corporation is a domestic corporation, maintaining a place of business at 55 Water Street, 22nd Floor, New York, NY 10041.

5

15. Upon information and belief, defendant, Cede & Co. is a domestic corporation, maintaining a place of business at 55 Water Street, 22nd Floor, New York, NY 10041.

16. Upon information and belief, defendant, The Registered Owners of the New York Liberty Development Corporation Revenue Bond Series 2006A Bonds (Cusip 649518AA5) is a fictitious name, identifying a class of defendants, the true name not being known, but intended to be a person or persons who received trust assets, consented to and/or diverted trust assets in violation of Article 3-A of the Lien Law of the State of New York, the identity of such class of defendants being in the possession of the defendants Cede & Co., and The Depository Trust & Clearing Corporation.

17. Upon information and belief, defendant, The Registered Owners of the New York Liberty Development Corporation Revenue Bond Series 2006B Bonds (Cusip 649518AB3) is a fictitious name, identifying a class of defendants, the true name not being known, but intended to be a person or persons who received trust assets, consented to and/or diverted trust assets in violation of Article 3-A of the Lien Law of the State of New York, the identity of such class of defendants being in the possession of the defendants Cede & Co., and The Depository Trust & Clearing Corporation.

18. Upon information and belief, Jane Doe #1 through Jane Doe #1000 are fictitious names, the true name not being known, but intended to be a person or persons who received trust assets, consented to and/or diverted trust assets in violation of Article 3-A of the Lien Law of the State of New York.

19. STI brings this action on behalf of itself and on behalf of all persons entitled to share in the funds received by National Sports from the defendant, New York Liberty Development Corporation ("New York Liberty"), and from National Sports Museum Management, LLC ("Managing Member").

6

## AS AND FOR A
## FIRST CAUSE OF ACTION

20. Upon information and belief, on or before August 17, 2006, National Sports and New York Liberty entered into a building loan agreement (the "Building Loan") pursuant to which National Sports received $57,000,000.00 (the "NY Liberty Bond Funds") from New York Liberty Development Corporation to pay for the labor, materials and equipment necessary for the construction of the private improvement project known as Construction of Infrastructure & Fit-Out for the National Sports Museum, located at 26 Broadway, NY, New York, and more particularly described as Block 22, Lot 13, in the County of New York (the "Project").

21. Upon information and belief, pursuant to the terms of the Building Loan, and as a part thereof, National Sports received approximately $5,750,000.00 (the "Private Equity Funds") from the Managing Member to pay for the labor, materials and equipment necessary for the construction of the Project.

22. Upon information and belief, pursuant to the terms of the Building Loan, and as a part thereof, National Sports received approximately $500,000.00 (the "Sports Foundation Funds") from the Women's Sports Foundation, Inc. to pay for the labor, materials and equipment necessary for the construction of the Project.

23. Upon information and belief, the Sports Foundation Funds, the Private Equity Funds, and the NY Liberty Bond Funds were in an amount exceeding $63,250,000.00 (the "Lien Law Article 3-A Trust Funds").

24. Thereafter, National Sports entered into various agreements, purchase orders, etc. with various contractors, subcontractors, materialmen, and suppliers for the performance

7

of work, and the furnishing of materials and equipment to the Project.

25. Pursuant the various agreements, purchase orders, etc., made by National Sports, the contractors, subcontractors and suppliers furnished labor, materials and equipment to the Project.

26. On or about August 17, 2006, Structure Tone and National Sports entered into a construction management agreement, whereby Structure Tone, for the agreed contract sum of $34,266,878.00, undertook to furnish labor, material, and equipment to the Project (the "Construction Management Agreement").

27. Structure Tone has performed all of the terms and conditions of said agreement on its part to be performed.

28. National Sports has breached, abandoned and repudiated the Construction Management Agreement, and other contracts and has failed and refused to pay Structure Tone and other contractors, subcontractors and suppliers that furnished labor, materials and equipment to the Project.

29. Upon information and belief, New York Liberty paid National Sports moneys in connection with the Project for labor, materials and equipment furnished by the subcontractors and suppliers, however, upon information and belief, National Sports failed to pay over said sums for the benefit of all persons, firms and corporations furnishing and supplying labor, materials and equipment for said Project in violation of Article 3-A of the Lien law of the State of New York.

30. Said moneys paid by New York Liberty and transferred to and received by National Sports constituted trust assets within the meaning of the Lien Law of the State of New York and were required to be held and applied for the payment of the cost of said Project

8

and for the payment of expenditures arising out of the Project and for the benefit of all persons, firms and corporations furnishing and supplying labor, materials and equipment for said Project.

31. Upon information and belief, Philip Schwalb rreceived trust assets and/or participated and/or consented to the diversion of trust assets in violation of Article 3-A of the Lien Law of the State of New York.

32. Upon information and belief, Sameer Ahuja received trust assets and/or participated and/or consented to the diversion of trust assets in violation of Article 3-A of the Lien Law of the State of New York.

33. Upon information and belief, Caleb D. Koeppel received trust assets and/or participated and/or consented to the diversion of trust assets in violation of Article 3-A of the Lien Law of the State of New York.

34. Upon information and belief, Scott Prince received trust assets and/or participated and/or consented to the diversion of trust assets in violation of Article 3-A of the Lien Law of the State of New York.

35. Upon information and belief, Michael Ryan received trust assets and/or participated and/or consented to the diversion of trust assets in violation of Article 3-A of the Lien Law of the State of New York.

36. Upon information and belief, Doug Weintraub received trust assets and/or participated and/or consented to the diversion of trust assets in violation of Article 3-A of the Lien Law of the State of New York.

37. Upon information and belief, Jaime Taicher received trust assets and/or participated and/or consented to the diversion of trust assets in violation of Article 3-A of the Lien Law of the State of New York.

9

38.     Upon information and belief, John Urban received trust assets and/or participated and/or consented to the diversion of trust assets in violation of Article 3-A of the Lien Law of the State of New York.

39.     Upon information and belief, The Bank Of New York a/k/a The Bank Of New York Mellon received trust assets and/or participated and/or consented to the diversion of trust assets in violation of Article 3-A of the Lien Law of the State of New York.

40.     Upon information and belief, Signature Bank received trust assets and/or participated and/or consented to the diversion of trust assets in violation of Article 3-A of the Lien Law of the State of New York.

41.     Upon information and belief, New York Liberty Development Corporation received trust assets and/or participated and/or consented to the diversion of trust assets in violation of Article 3-A of the Lien Law of the State of New York.

42.     Upon information and belief, Trinity Funding Company, LLC received trust assets and/or participated and/or consented to the diversion of trust assets in violation of Article 3-A of the Lien Law of the State of New York.

43.     Upon information and belief, The Depository Trust & Clearing Corporation received trust assets and/or participated and/or consented to the diversion of trust assets in violation of Article 3-A of the Lien Law of the State of New York.

44.     Upon information and belief, Cede & Co. received trust assets and/or participated and/or consented to the diversion of trust assets in violation of Article 3-A of the Lien Law of the State of New York.

45.     Upon information and belief, The Registered Owners of the New York Liberty Development Corporation Revenue Bond Series 2006A Bonds (Cusip 649518AA5) received trust assets and/or participated and/or consented to the diversion of trust assets in violation of

10

Article 3-A of the Lien Law of the State of New York.

46.     Upon information and belief, The Registered Owners of the New York Liberty Development Corporation Revenue Bond Series 2006B Bonds (Cusip 649518AB3) received trust assets and/or participated and/or consented to the diversion of trust assets in violation of Article 3-A of the Lien Law of the State of New York.

47.     Upon information and belief, Jane Doe #1 through Jane Doe #1000, received trust assets and/or participated and/or consented to the diversion of trust assets in violation of Article 3-A of the Lien Law of the State of New York.

48.     Said diverted trust funds are in an amount not readily ascertainable, but reasonably believed to be in excess of $7,000,000.00.

26.     No part of said sum of $7,000,000.00 has been paid to plaintiff.

49.     This action is brought pursuant to the provisions of the Lien Law of the State of New York on behalf of plaintiff and all persons, firms and corporations who have supplied labor, materials and equipment to the Project and who were not wholly paid therefore and who shall seek to be vouched in as party claimants in this action and to contribute to the expense thereof and to participate in the proceeds thereof.

50.     By reason of the above, Structure Tone has been damaged in an amount not yet ascertainable, but reasonably believed to be in the amount of at least $7,000,000.00, along with interest thereon.

51.     Structure Tone Inc. has no adequate remedy at law.

WHEREFORE, additional plaintiff Structure-Tone, Inc., demands judgment as follows:

1)     On the first cause of action against defendants Philip Schwalb, Sameer Ahuja, Caleb D. Koeppel, Scott Prince, Michael Ryan, Doug Weintraub, Jaime Taicher, John Urban,

11

Bank of New York a/k/a The Bank of New York Mellon, Signature Bank, New York Liberty Development Corporation, Trinity Funding Company, LLC, The Depository Trust Company, Cede & Co., The Registered Owners Of The New York Liberty Development Corporation Revenue Bond Series 2006a Bonds (Cusip 649518AA5), The Registered Owners of the New York Liberty Development Corporation Revenue Bond Series 2006B Bonds (Cusip 649518AB3), and Jane Doe #1 through Jane Doe #1000, jointly and severally as follows:

a) That Philip Schwalb, Sameer Ahuja, Caleb D. Koeppel, Scott Prince, Michael Ryan, Doug Weintraub, Jaime Taicher, John Urban, Bank of New York a/k/a The Bank of New York Mellon, Signature Bank be required to account for and disclose the disposition of all moneys received from New York Liberty Development Corporation, National Sports Museum Management, LLC, and Women's Sports Foundation, Inc. concerning the Project referred to herein, or so much thereof as shall be necessary to make whole the respective claims of Structure-Tone, Inc. and of all others who may hereafter join in this action, up to the time of the entry of final judgment to be entered herein, together with interest on such amounts as the National Sports Attraction, LLC received from the date each sum was received by National Sports Attraction, LLC together with the costs and disbursements of this action; and

b) That Philip Schwalb, Sameer Ahuja, Caleb D. Koeppel, Scott Prince, Michael Ryan, Doug Weintraub, Jaime Taicher, John Urban, Bank of New York a/k/a The Bank of New York Mellon, Signature Bank, New York Liberty Development Corporation, Trinity Funding Company, LLC, The Depository Trust Company, Cede & Co., The Registered Owners Of The New York Liberty Development Corporation Revenue Bond Series 2006a Bonds (Cusip 649518AA5), The Registered Owners of the New York Liberty Development Corporation Revenue Bond Series 2006B Bonds (Cusip 649518AB3), and Jane Doe #1 through Jane Doe #1000, be declared trustees of all moneys received by National

12

Sports Attraction, LLC from New York Liberty Development Corporation, National Sports Museum Management, LLC, and Women's Sports Foundation, Inc., aggregating a sum not readily ascertainable, but reasonably believed to be at least $63,250,000.00, and that Structure-Tone, Ine. and all others who shall have joined in this action be adjudged to have claims thereon and therein for the amounts of their respective claims, with interest; and

    c)    That this Court issue such direction as to the giving of notice to other trust fund beneficiaries, giving them an opportunity and notice to come in and participate in this action as may be just and proper; and

    d)    That this Court determine the shares and interests of all persons in such trust funds, including the shares and interests of persons not presently parties to this action, and require the audit of the books, records and papers of National Sports Attraction, LLC, by Philip Schwalb, Sameer Ahuja, Caleb D. Koeppel, Scott Prince, Michael Ryan, Doug Weintraub, Jaime Taicher, John Urban, Bank of New York a/k/a The Bank of New York Mellon, Signature Bank, New York Liberty Development Corporation, Trinity Funding Company, LLC, The Depository Trust Company, Cede & Co., The Registered Owners Of The New York Liberty Development Corporation Revenue Bond Series 2006a Bonds (Cusip 649518AA5), The Registered Owners of the New York Liberty Development Corporation Revenue Bond Series 2006B Bonds (Cusip 649518AB3), and Jane Doe #1 through Jane Doe #1000 to ascertain the identity of the trust fund beneficiaries and assist the court in determining wbo are or may be trust fund beneficiaries, and the extent and validity of their claims arising out of the Project referred to herein; and

    e)    That this Court take such proceedings as are necessary to bring before it and under its control all such trust funds and all property into which the same may have been

13

diverted and to distribute the same among the parties and persons entitled thereto; and

f)      That Structure-Tone, Inc. recover of Philip Schwalb, Sameer Ahuja, Caleb D. Koeppel, Scott Prince, Michael Ryan, Doug Weintraub, Jaime Taicher, John Urban, Bank of New York a/k/a The Bank of New York Mellon, Signature Bank, New York Liberty Development Corporation, Trinity Funding Company, LLC, The Depository Trust Company, Cede & Co., The Registered Owners Of The New York Liberty Development Corporation Revenue Bond Series 2006a Bonds (Cusip 649518AA5), The Registered Owners of the New York Liberty Development Corporation Revenue Bond Series 2006B Bonds (Cusip 649518AB3), and Jane Doe #1 through Jane Doe #1000, jointly and severally, reasonable and adequate attorneys' fees or such other amount as may be proved at trial, plus $5,000,000.00 in exemplary and punitive damages.

g)      That Philip Schwalb, Sameer Ahuja, Caleb D. Koeppel, Scott Prince, Michael Ryan, Doug Weintraub, Jaime Taicher, John Urban, Bank of New York a/k/a The Bank of New York Mellon, Signature Bank, New York Liberty Development Corporation, Trinity Funding Company, LLC, The Depository Trust Company, Cede & Co., The Registered Owners Of The New York Liberty Development Corporation Revenue Bond Series 2006a Bonds (Cusip 649518AA5), The Registered Owners of the New York Liberty Development Corporation Revenue Bond Series 2006B Bonds (Cusip.649518AB3), and Jane Doe #1 through Jane Doe #1000, jointly and severally, disgorge and pay to the trust fund beneficiaries any and all trust assets received and/or diverted in violation of Article 3-A of the Lien Law of the State of New York.

h)      ThatPhilip Schwalb, Sameer Ahuja, Caleb D. Koeppel, Scott Prince, Michael Ryan, Doug Weintraub, Jaime Taicher, John Urban, Bank of New York a/k/a The

14

Bank of New York Mellon, Signature Bank, New York Liberty Development Corporation, Trinity Funding Company, LLC, The Depository Trust Company, Cede & Co., The Registered Owners Of The New York Liberty Development Corporation Revenue Bond Series 2006a Bonds (Cusip 649518AA5), The Registered Owners of the New York Liberty Development Corporation Revenue Bond Series 2006B Bonds (Cusip 649518AB3), and Jane Doe #1 through Jane Doe #1000, jointly and severally, be made to restore to the trust fund, for the benefit of the trust fund beneficiaries, any and all trust assets that Philip Schwalb, Sameer Ahuja, Robert Kapito, Caleb D. Koeppel, Scott Prince, Michael Ryan, Marc Spilker, Doug Weintraub, Robert Wolf, Jaime Taicher, John Urban, Bank of New York a/k/a The Bank of New York Mellon, Signature Bank, New York Liberty Development Corporation, Trinity Funding Company, LLC, The Depository Trust Company, Cede & Co., The Registered Owners Of The New York Liberty Development Corporation Revenue Bond Series 2006a Bonds (Cusip 649518AA5), The Registered Owners of the New York Liberty Development Corporation Revenue Bond Series 2006B Bonds (Cusip 649518AB3), and Jane Doe #1 through Jane Doe #1000 participated or consented to the diversion of trust assets in violation of Article 3-A of the Lien law of the State of New York

2) That Structure-Tone, Inc. recovers of Philip Schwalb, Sameer Ahuja, Caleb D. Koeppel, Scott Prince, Michael Ryan, Doug Weintraub, Jaime Taicher, John Urban, Bank of New York a/k/a The Bank of New York Mellon, Signature Bank, New York Liberty Development Corporation, Trinity Funding Company, LLC, The Depository Trust Company, Cede & Co., The Registered Owners Of The New York Liberty Development Corporation Revenue Bond Series 2006a Bonds (Cusip 649518AA5), The Registered Owners of the New York Liberty Development Corporation Revenue Bond Series 2006B Bonds (Cusip

15

649518AB3), and Jane Doe #1 through Jane Doe #1000, jointly and severally, reasonable and adequate attorneys' fees or such other amount as may be proved at trial, plus $5,000,000.00 in exemplary and punitive damages; and

3)    That Structure-Tone, Inc. recovers of Philip Schwalb, Sameer Ahuja, Caleb D. Koeppel, Scott Prince, Michael Ryan, Doug Weintraub, Jaime Taicher, John Urban, Bank of New York a/k/a The Bank of New York Mellon, Signature Bank, New York Liberty Development Corporation, Trinity Funding Company, LLC, The Depository Trust Company, Cede & Co., The Registered Owners Of The New York Liberty Development Corporation Revenue Bond Series 2006a Bonds (Cusip 649518AA5), The Registered Owners of the New York Liberty Development Corporation Revenue Bond Series 2006B Bonds (Cusip 649518AB3), and Jane Doe #1 through Jane Doe #1000, jointly and severally, any and all diverted trust funds, including an amount, not readily ascertainable, but reasonably believed to be in excess of $7,000,000.00; and

4)    legal fees; and

5)    the costs and disbursements of this action; and

6)    such other and further relief as to this court may seem just, proper, and equitable under the circumstances.

Dated: New York, NY
       June 11, 2009

STRUCTURE-TONE, INC.

BY:

LUIGI D'AGOSTINO
ASSISTANT GENERAL COUNSEL
STRUCTURE-TONE, INC.
770 BROADWAY

16

NEW YORK, NY 10003
(212) 481-6100

TO:  **SERVICE LIST**

## CERTIFICATION

The undersigned certifies that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the Summons with Complaint and the information contained therein is not frivolous.

Dated: New York, NY
June 11, 2009

Luigi D'Agostino

17

## SERVICE LIST

| Defendant | Address |
|---|---|
| Philip Schwalb | 80 Broad Street, 5th Floor, New York, NY 10004 |
| Sameer Ahuja | 80 Broad Street, 5th Floor, New York, NY 10004 |
| Caleb D. Koeppel | 80 Broad Street, 5th Floor, New York, NY 10004 |
| Scott Prince | 80 Broad Street, 5th Floor, New York, NY 10004 |
| Michael Ryan | 80 Broad Street, 5th Floor, New York, NY 10004 |
| Doug Weintraub | 80 Broad Street, 5th Floor, New York, NY 10004 |
| Jaime Taicher | 80 Broad Street, 5th Floor, New York, NY 10004 |
| John Urban | 80 Broad Street, 5th Floor, New York, NY 10004 |
| Bank of New York a/k/a The Bank of New York Mellon | 101 Barclay Street, New York, NY 10286 |
| Signature Bank | 565 Fifth Avenue, 46th Floor, New York, NY 10017 |
| New York Liberty Development Corporation | c/o New York Job Development Authority, 833 Third Avenue, New York, NY 10017 |
| Trinity Funding Company, LLC | 666 Third Avenue, 9th Floor, New York, NY 10017 |
| The Depository Trust Company | 55 Water Street, 22nd Floor, New York, NY 10041 |
| Cede & Co. | 55 Water Street, 22nd Floor, New York, NY 10041 |
| The Registered Owners Of The New York Liberty Development Corporation Revenue Bond Series 2006a Bonds (Cusip 649518AA5) | c/o Cede & Co. & The Depository Trust Company    55 Water Street, 22nd Floor, New York, NY 10041 |
| The Registered Owners of the New York Liberty Development Corporation Revenue Bond Series 2006B Bonds (Cusip 649518AB3) | c/o Cede & Co. & The Depository Trust Company 55 Water Street, 22nd Floor, New York, NY 10041 |

18

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

STRUCTURE-TONE, INC.,
on behalf of itself and on behalf of all persons
entitled to share in the funds received by
NATIONAL SPORTS ATTRACTION, LLC,
in connection with a private improvement project commonly
known as Construction of Infrastructure & Fit-Out for the
National Sports Museum, located at 26 Broadway, NY, New
York, and more particularly described as Block 22, Lot 13,

Plaintiffs,

-against-

PHILIP SCHWALB, SAMEER AHUJA, CALEB D. KOEPPEL, SCOTT
PRINCE, MICHAEL RYAN, DOUG WEINTRAUB, JAIME TAICHER,
JOHN URBAN, THE BANK OF NEW YORK A/K/A THE BANK OF
NEW YORK MELLON, SIGNATURE BANK, NEW YORK LIBERTY
DEVELOPMENT CORPORATION, TRINITY FUNDING COMPANY,
LLC, THE DEPOSITORY TRUST & CLEARING CORPORATION,
CEDE & CO., THE REGISTERED OWNERS OF THE NEW YORK
LIBERTY DEVELOPMENT CORPORATION REVENUE BOND
SERIES 2006A BONDS (CUSIP 649518AA5), THE REGISTERED
OWNERS    OF THE NEW YORK LIBERTY DEVELOPMENT
CORPORATION REVENUE BOND SERIES 2006B BONDS (CUSIP
649518AB3), "JANE DOE #1" through "JANE DOE #1000",
fictitious names, parties intended being liable for the
diversion of trust funds pursuant to Article 3-A of the Lien
Law,

Defendants.

SUMMONS & COMPLAINT

STRUCTURE-TONE, INC.
770 BROADWAY, 9ᵗʰ FLOOR
NEW YORK, NY 10003
(212) 481-6100

Pursuant to R 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies
that, upon information and belief and reasonable inquiry, the contentions contained in the attached document are
not frivolous.

Dated:  New York, NY
        June 11, 2009

                                                    Luigi D'Agostino

PLAINTIFF NAME: STRUCTURE TONE INC    DEFENDANT NAME: SCHWALB PHILIP
    ATTORNEY: UNKNOWN                    ATTORNEY: UNKNOWN


SEQ  DATE            MINUTES
0001 06122009        SUMMONS AND COMPLAINT


                          PAGE -    1

# EXHIBIT B

## COPY OF STATE COURT DOCKET SHEET



CourtAlert®    **HOME**

**Evelyn**

🖨 Print This Page

# NY County Clerk Information:

Client number: 7600318 _____ Client matter #: 60035 _____ Lawyer Name

Mark Silverschotz

Update Client Information    My Remove this case from my approved wa

## New York County Index Number 108394/09.

Specially prepared for REED SMITH:

**My CourtAlert activities on this Case.**

**Plaintiff:**

NATIONAL SPORTS ATTRACTION LLC

STRUCTURE TONE INC

**Defendant:**

AHUJA SAMEER

BANK OF NEW YORK

BANK OF NEW YORK MELLON

CEDE & CO

DEPOSITORY TRUST & CLEARING

DOE JANE 1 THRU 1000

KOEPPEL CALEB D

N Y LIBERTY DEVELOPMENT CORP

NY LIBERTY DEVLOT CORP ETC

NY LIBERTY DEVLPT CORP REVENUE

PRINCE SCOTT

RYAN MICHAEL

SCHWALB PHILIP

SIGNATURE BANK

TAICHER JAIME

TRINITY FUNDING CO LLC

URBAN JOHN

WEINTRAUB DOUG

**Detail Information:**

Case Type: OTHER

Index number purchased on: 6/12/2009

**Attorneys of the case (as per County Clerk Database):**

**Plaintiff:**

UNKNOWN

**Defendant:**

UNKNOWN

**Minutes information:**

No Comments/Subpoened Records for this case

© 2009 CourtAlert.com Inc, All rights reserved.
Back to top   CourtAlert Home